**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Brittaney | Janee | Johnson |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Northern District of Georgia

Case number  25-57767
(if known)

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

2.1, 3.3, 6.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | | |
|---|---|---|---|
| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not Included |
| § 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☐ Included | ☒ Not Incuded |

Debtor   Brittaney Janee Johnson                         Case number  25-57767

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |

**§ 2.1   Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:   ☐ 36 months       ☒ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay _____$600.00_____ per ___month___ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☒ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| **Beginning on** *(insert date):* | **The Regular Payment amount will change to** *(insert amount):* | **For the following reason** *(insert reason for change):* |
|---|---|---|
| February 2026 | $901.00  per   month | 401K loan ends |

**§ 2.2   Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☒ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3   Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4   Additional Payments.**

*Check one.*

☒ **None.**   *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5   [Intentionally omitted.]**

**§ 2.6   Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020.  (www.ganb.uscourts.gov/local-rules-and-orders)

Debtor   Brittaney  Janee Johnson                                      Case number   25-57767

| Part 3: | Treatment of Secured Claims |
|---|---|

**§ 3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2   Request for valuation of security and modification of certain undersecured claims.**

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3   Secured claims to be paid in full.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below will be paid in full under the plan.  Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3)  the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| | Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|---|
| − | Bridgecrest Acceptance Corp | 2018 Ford Exploror | 4/2023 | $21,502.00 | 10% | $200.00 | $200 monthly increasing to $552 in December 2026 |

**§ 3.4   Lien avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5   Surrender of collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6   Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __7.5__%.  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**§ 4.1  General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2  Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3  Attorney's fees.**

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___5,475.00___.  The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___352.00___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e)  If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___2,475.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___2,475.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4  Priority claims other than attorney's fees.**

☐ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below.  The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| + | **Name and address of creditor**: | **Name and address of child support enforcement agency entitled to § 1302(d)(1) notice** | **Estimated amount of claim** | **Monthly plan payment** |
|---|---|---|---|---|
| - |  |  |  |  |

☒ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + | **Name and address of creditor**: | **Estimated amount of claim** |
|---|---|---|
| - | Internal Revenue Service | $8,772.00 |
| - | Georgia Department of Revenue | $242.17 |

| Part 5: | Treatment of Nonpriority Unsecured Claims |

§ 5.1  **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6.  Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

▣ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

§ 5.2  **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

▣ **None.**  *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

§ 5.3  **Other separately classified nonpriority unsecured claims.**

*Check one.*

▣ **None.**  *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |

§ 6.1  **The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

▣ **Assumed items.**  Current installment payments will be disbursed directly by the debtor(s).  Arrearage payments will be disbursed by the trustee.  The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| + | Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|---|
| - | Encore Management | Residential Lease | $0.00 | $0.00 |
| - | Progressive Leasing | HHG | $0.00 | $0.00 |

| Part 7: | Vesting of Property of the Estate |

§ 7.1  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

| Part 8: | Nonstandard Plan Provisions |

§ 8.1  **Check "None" or list Nonstandard Plan Provisions.**

☐ **None.**  *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.  (Insert additional lines if needed.)**

The Chapter 13 Trustee shall not fund the Debtor's student loans through the plan. Debtor's student loans are in deferment. If the Debtor's deferment ends during the pendancy of the instant case, the Debtor will pay the student loans directly.

Debtor  Brittaney  Janee Johnson                                          Case number  25-57767

Debtor rejects her lease with Progressive Leasing

## Part 9: Signatures

**§ 9.1  Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below.  The attorney for the debtor(s), if any, must sign below.*

✗ /s/ Brittaney Janee *Brittaney Janee Johnson*           ✗ _____
Signature of debtor 1 executed on  09 / 29 / 2025              Signature of debtor 2 executed on
                                   MM / DD / YYYY                                                 MM / DD / YYYY

1413 Sand Way, Lawrenceville, GA 30045
Address                         City, State, ZIP code             Address                         City, State, ZIP code

✗ /S/ Stanley J. Kakol, Jr.                                Date: 09 / 29 / 2025
Signature of attorney for debtor(s)                                     MM / DD / YYYY

The Law Office of Stanley J. Kakol, Jr.                     5353 Fairington Rd., Suite C, Lithonia, GA 30058
Firm                                                         Address                         City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

## CERTIFICATE *of* SIGNATURE

**REF. NUMBER**
6PVZD-THAML-QJNJV-NIQ5T

DOCUMENT COMPLETED BY ALL PARTIES ON
17 NOV 2025 17:45:25
UTC

**SIGNER**
**BRITTANEY JANEE JOHNSON**
EMAIL

**TIMESTAMP**
SENT
18 OCT 2025 16:02:08
VIEWED
18 OCT 2025 16:28:36
SIGNED
17 NOV 2025 17:45:25

**SIGNATURE**
*Brittaney Janee Johnson*

IP ADDRESS
99.161.90.120

LOCATION
LAWRENCEVILLE, UNITED STATES

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
18 OCT 2025 16:28:36



Signed with PandaDoc

PAGE 1 OF 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 25-57767-SMS |
| BRITTANEY JANEE JOHNSON, | * | |
| | * | |
| | * | CHAPTER 13 |
| | * | |
| DEBTOR | * | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2025, I electronically filed the foregoing **Debtor's Pre-Confirmation Plan Modification** for its approval using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Brittaney Janee Johnson
1413 Sand Way
Lawrenceville, GA 30045

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

All creditors and parties of interest in the attached matrix

This Monday, November 17, 2025.

/s/ Stanley J. Kakol, Jr.
Stanley J. Kakol, Jr.
GA Bar No. 406060
Law Office of Stanley J. Kakol, Jr., LLC
5353 Fairington Road
Suite C
Lithonia, GA 30038
(770) 800-0440

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 25-57767-sms<br>Northern District of Georgia<br>Atlanta<br>Mon Nov 17 13:05:28 EST 2025 | 1st Access/tbom/vt<br>Po Box 89028<br>Sioux Falls, SD 57109-9028 | Affirm, Inc.<br>Attn: Bankruptcy<br>650 California St, Fl 12<br>San Francisco, CA 94108-2716 |
| Ally Bank<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | Ally Credit Card/cws<br>Po Box 9222<br>Old Bethpage, NY 11804-9222 | Bridgecrest Acceptance Corp<br>Po Box 53087<br>Suite 100<br>Phoenix, AZ 85072-3087 |
| Bridgecrest Acceptance Corporation<br>AIS Portfolio Services, LLC<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Bridgecrest Acceptance Corporation by AIS Po<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | (p)CAINE & WEINER COMPANY<br>12005 FORD ROAD 300<br>DALLAS TX 75234-7262 |
| Capital One<br>Attn: Bankruptcy<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 | Citibank<br>Attn: Bankruptcy Department<br>P.O.Box 790046<br>St. Louis, MO 63179-0046 | Comenity Bank/Justice<br>Po Box 182789<br>Columbus, OH 43218-2789 |
| Comenity Bank/Victoria Secret<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Comenity/MPRC<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | (p)DELTA COMMUNITY CREDIT UNION<br>PO BOX 20541<br>ATLANTA GA 30320-2541 |
| Edfinancial Services L<br>120 N Seven Oaks Drive<br>Knoxville, TN 37922-2359 | Encore Management<br>655 Engineering Dr<br>Suite 310<br>Norcross, GA 30092-2843 | Georgia Department of Revenue<br>2595 Century Parkway NE<br>Suite 339<br>Atlanta, GA 30345-3173 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Brittaney Janee Johnson<br>1413 Sand Way<br>Lawrenceville, GA 30045-2905 | Stanley J. Kakol Jr.<br>The Law Offices of Stanley J. Kakol, Jr.<br>5353 Fairington Road<br>Suite C<br>Lithonia, GA 30038-1164 |
| Kohl's<br>Attn: Credit Administrator<br>Po Box 3043<br>Milwaukee, WI 53201-3043 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Lvnv Funding/Resurgent Capital<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville, SC 29603-0497 |
| MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | Merrick Bank Corp<br>Po Box 9201<br>Old Bethpage, NY 11804-9001 | Midland Credit Mgmt<br>Attn: Bankruptcy<br>Po Box 939069<br>San Diego, CA 92193-9069 |
| Nelnet<br>Attn: Bankruptcy Department<br>P.O.Box 82505<br>Lincoln, NE 68501-2505 | Okinus, Inc<br>Attn: Bankruptcy<br>147 W Railroad St, S<br>Pelham, GA 31779-1631 | Progressive Leasing<br>256 W. Data Drive<br>Draper, UT 84020-2315 |

| | | |
|---|---|---|
| Quantum3 Group LLC as agent for<br>Crown Asset Management LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | Quantum3 Group LLC as agent for<br>Velocity Investments LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | K. Edward Safir<br>Standing Chapter 13 Trustee<br>Suite 1600<br>285 Peachtree Center Ave. NE<br>Atlanta, GA 30303-1229 |
| Scolopax, LLC<br>C/O Weinstein & Riley, P.S.<br>749 GATEWAY, SUITE G-601<br>ABILENE, TX 79602-1196 | (p)SNAP FINANCE<br>PO BOX 26561<br>SALT LAKE CITY UT 84126-0561 | Synchrony Bank/Care Credit<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Truist Bank<br>PO Box 1847 / 100-50-01-51<br>Wilson, NC 27894-1847 | US Department of Education<br>120 N Seven Oaks Drive<br>Knoxville, TN 37922-2359 | United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 |
| (p)UPLIFT  INC<br>2 N CENTRAL AVE FL 10<br>PHOENIX AZ 85004-4422 | Upstart Finance<br>Attn: Bankruptcy<br>Po Box 1503<br>San Carlos, CA 94070-7503 | Velocity Investments<br>c/o Ragan & Ragan, PC<br>3100 Breckinridge Blvd.<br>#722<br>Duluth, GA 30096-4985 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Caine & Weiner<br>Attn: Bankruptcy<br>5805 Sepulveda Blvd 4th Floor<br>Sherman Oaks, CA 91411 | Delta Community Credit Union<br>P.O. Box 20541<br>Atlanta, GA 30320-2541 | Snap Finance<br>1193 W 2400 S<br>Salt Lake City, UT 84119 |
| Uplift Inc<br>Attn: Bankruptcy<br>440 N. Wolfe Road<br>Sunnyvale, CA 94085 | End of Label Matrix<br>Mailable recipients    41<br>Bypassed recipients     0<br>Total                  41 | |